[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following the denial of his motion to suppress, appellant Darren Guiggio pleaded no contest to violating R.C. 4511.19(A)(3), and the trial court found him guilty. On appeal, he raises one assignment of error, contending that the trial court erred by denying his motion, because the police officer who had stopped his automobile did not have a reasonable, articulable suspicion to justify an investigatory stop.
Cincinnati Police Officer Vincent George noticed that the automobile driven by Guiggio displayed a license plate from one state above its rear bumper, but affixed to its rear window was a temporary tag from a different state. George called in the plate and the tag and discovered that the plate had expired. He pulled Guiggio's automobile over to ask Guiggio why he was displaying both the tag and the license plate, to inform him that it was not legal to do so, to explain that he would ordinarily ticket someone for having an expired plate, and to instruct Guiggio that he would have to remove the plate or face receiving a ticket. When he approached the car window, he noted the smell of alcohol. He asked Guiggio to step out of the automobile and noted that the smell was coming from Guiggio, and not the automobile. (George testified that his purpose in having Guiggio step out of the automobile was to tell him that he would have to remove the expired tag or he would receive a ticket.) George then asked Guiggio if, and what, he had been drinking. Guiggio responded that he had consumed four beers.
About that time, Cincinnati Police Officer Douglas Frazier approached to help George. When Guiggio started talking to him, Frazier noted the moderate smell of alcohol and saw that Guiggio's eyes were watery and bloodshot. He asked Guiggio to perform several sobriety tests, which Guiggio failed. At that point, Guiggio was placed under arrest for driving under the influence. He was read his Miranda rights and taken to the police station. He had a breath- alcohol concentration of .12.
Guiggio was charged with violating R.C. 4511.19(A)(1), 4511.19(A)(3), and 4549.08. The citation indicated that the R.C. 4549.08 violation was due to "operat[ing] [a] vehicle with improper display of two license plates." The R.C. 4511.19(A)(1) and 4549.08 charges were dismissed after Guiggio entered his plea of no contest.
Guiggio argues in support of his assignment that, because he was charged with violating a statute that was inapplicable to the tag and license his automobile displayed, George was without justification to stop his automobile. He also argues that because the officer never contemplated a violation of Cincinnati Municipal Code 503.52, the violation upon which the trial court based its ruling on the suppression motion, the stop was constitutionally infirm.
In order to stop an individual for investigatory purposes, a police officer must have a reasonable suspicion based on articulable facts that the person is involved in criminal activity.[1] In this case, in order to stop Guiggio's automobile, George must have had articulable facts that led him to reasonably believe that a traffic violation had occurred. While reasonable suspicion cannot be based on wholly innocent behavior, it may be based on behavior that can be interpreted as either innocent or criminal.[2]
Whether an investigative stop is proper "must be viewed in light of the totality of the surrounding circumstances."[3] Further the circumstances are to be viewed through the eyes of a "reasonable and prudent police officer at the scene * * *."[4] In demonstrating that a stop is based on reasonable suspicion, "[t]he officer is not required to prove that a suspect committed an offense beyond a reasonable doubt or even to satisfy the lesser standard of probable cause to believe that defendant violated the law."[5]
We agree that R.C. 4549.08 is inapplicable to the facts of this case, because the displayed license plate failed to meet the criteria that were necessary to establish an unauthorized use of a license plate under the statute. But Cincinnati Municipal Code 503-52 is applicable:
 No person shall operate * * * upon the streets of the city any vehicle upon which are displayed any license numbers for any period of time which has expired or any license plates issued in another state for which the period of reciprocal agreement with the state of issue has expired.
Although, at the time of the stop, George did not correctly identify the law being violated, he testified that part of the reason he stopped Guiggio's automobile was because it displayed an expired license plate. We cannot say, under the particular facts of this case, that George's stop was unjustified from the perspective of a reasonable police officer. The display constituted a violation of the Cincinnati Municipal Code. Further, Guiggio's bloodshot eyes, his admission of drinking, and the moderate smell of alcohol provided the requisite reasonable, articulable suspicion to further detain Guiggio for the purpose of performing field sobriety tests. The assignment is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] See Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1880.
[2] See State v. Stamper (1995), 102 Ohio App.3d 431, 437,657 N.E.2d 365, 369.
[3] See State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
[4] See State v. Freeman (1980), 64 Ohio St.2d 291, 295, 414 N.E.2d 1044,1047.
[5] See Westlake v. Kaplysh (1997), 118 Ohio App.3d 18, 20,691 N.E.2d 1074, 1076.